UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEONARD LYONS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 1:18-cv-10365-ADB |
| FEDERAL NATIONAL MORTGAGE | * |
| ASSOCIATION and DITECH FINANCIAL | * |
| LLC, | * |
| Defendants. | * |
| | * |

## **MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

BURROUGHS, D.J.

Leonard Lyons ("Plaintiff") brought suit against Ditech Financial LLC ("Ditech"), the servicer of his mortgage, and Federal National Mortgage Association ("Fannie Mae"), the holder of his mortgage, (collectively, "Defendants") seeking a declaratory judgment and monetary damages from Ditech's servicing of his mortgage loan. [ECF No. 26 ("Amended Complaint" or "Am. Compl.")]. The Amended Complaint alleges five counts: a claim under "Consumer Protection Law" against Defendants (Count I); a claim under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA") against Ditech (Count II); a declaratory judgment that Defendants have not strictly complied with Plaintiff's mortgage terms (Count III); a claim for breach of contract against Defendants (Count IV); and, a claim for breach of the covenant of good faith and fair dealing against Defendants (Count V). [Id. ¶¶ 21–51]. Defendants moved to dismiss Counts I and II, [ECF No. 29], and this Court dismissed both Counts as against Fannie Mae on March 5, 2019,[1] [ECF No. 39]. Presently before the Court is Plaintiff's Motion for

---

[1] The Court ruled on the motion to dismiss as to Fannie Mae only because Ditech is subject to an automatic stay due to ongoing Chapter 11 bankruptcy proceedings. [ECF No. 39 at 2 n.1].

Reconsideration of the March 15, 2019 Memorandum and Order on Motion to Dismiss or Alternatively Leave to Amend Complaint ("Motion for Reconsideration"). [ECF No. 41]. For the reasons set forth below, Plaintiff's Motion for Reconsideration [ECF No. 41] is DENIED.

## I. BACKGROUND

### A. Factual Background

The following facts are drawn from the Amended Complaint and documents appended thereto.[2] Plaintiff owns a home in Braintree, MA, and in 2007, he executed a promissory note, secured by a mortgage on his residence.[3] [Am. Compl. ¶ 7; ECF No. 26-1]. Plaintiff alleges that Fannie Mae is the current holder of his mortgage loan and that Ditech is its current servicer. [Am. Compl. ¶¶ 8–9].

Five years later, in 2012, Plaintiff filed for bankruptcy. [Id. ¶ 10]. After the bankruptcy case concluded, Plaintiff attempted to make payments on his mortgage. [Id.]. Loan documents from Ditech stated that no amount was due on the mortgage loan, but his credit report indicated that Ditech had reported the mortgage loan as 90-days delinquent. [Id. ¶¶ 11–12].

On October 12, 2016, Plaintiff sent a letter to Ditech with a payment for four months of the outstanding balance of his mortgage loan. [Id. ¶ 13; ECF No. 26-2]. The letter was addressed to Ditech, P.O. Box 94710, Palatine, IL 60094-4710, with copies to Ditech, P.O. Box 6172, Rapid City, SD 57709-6172, and Ditech Financial LLC, 1100 Virginia Drive, Suite 100A,

---

[2] A more complete version of the facts is provided in the Court's March 15, 2019 Order. See Lyons v. Fed. Nat'l Mortg. Ass'n, No. 1:18-cv-10365-ADB, 2019 WL 1230364, at *1–2 (D. Mass. Mar. 15, 2019).

[3] The note was payable to Countrywide Bank, FSB. [ECF No. 26-1 at 2]. Mortgage Electronic Registration Systems, Inc. ("MERS") is the mortgagee, as nominee for Countrywide Bank, FSB and its successors and assigns. [Id. at 4]. The Amended Complaint states that Fannie Mae "alleges to be the present holder of Plaintiff's mortgage loan" but does not identify how Fannie Mae acquired the mortgage. [Am. Compl. ¶ 8]. The Amended Complaint also states that Ditech is the servicer of Plaintiff's mortgage but does not identify how that occurred. [Id. ¶ 9].

Fort Washington, PA, 19034. [ECF No. 26-2]. On October 20, 2016, Ditech responded to Plaintiff's October 12, 2016 letter, stating that it was looking into the matter and indicating that Plaintiff could expect to receive a written response within 30 days. [Am. Compl. ¶ 14; ECF No. 26-3]. Ditech did not provide any further response. [Am. Compl. ¶ 14]. Plaintiff sent four follow up letters to Ditech between November 2016 and July 2017, each addressed to the same three Ditech locations as the October 12, 2016 letter. [Id. ¶ 16; ECF No. 26-4]. Ditech did not respond. [Am. Compl. ¶ 16]. Instead, on or around August 10, 2017, Plaintiff received a notice informing him of his right to cure his mortgage default within 90 days. [Id. ¶ 17; ECF No. 26-5]. According to the notice, the past due amount on the mortgage loan was $37,617.05, [ECF No. 26-5], but this letter did not account for Plaintiff's October 12, 2016 payment on the mortgage, [Am. Compl. ¶ 17].

In October 2017, Plaintiff sent Ditech a demand letter under "Consumer Protection Law." [Id. ¶ 19]. Ditech responded in November 2017. [Id. ¶ 20].

### B. Procedural Background

On February 2, 2018, Plaintiff filed this action in the Superior Court of Norfolk County. [ECF No. 1-1]. Defendants removed the action to this Court on February 26, 2018. [ECF No. 1]. Defendants later moved to dismiss the complaint, [ECF No. 14], and Plaintiff responded by filing an Amended Complaint on June 22, 2018, [ECF No. 26]. On July 12, 2018, Defendants moved to partially dismiss the Amended Complaint. [ECF No. 29]. Plaintiff opposed the motion on July 26, 2018. [ECF No. 33]. On February 11, 2019, Ditech filed for Chapter 11 bankruptcy, which triggered an automatic stay that prohibits further litigation against Ditech at this time. See supra note 1; [ECF No. 38 at 1–2].

On March 15, 2019, the Court issued its order on the motion to dismiss ("March 15, 2019 Order"). [ECF No. 39]. On March 21, 2019, Plaintiff filed the Motion for Reconsideration. [ECF No. 41]. On April 8, 2019, Plaintiff filed a supplement to the Motion for Reconsideration, in which he confirmed that Fannie Mae does have a place of business in Massachusetts and agreed that he was required to send Fannie Mae a demand letter as a prerequisite to his consumer protection claim under Massachusetts General Laws Chapter 93A ("Chapter 93A"). [ECF No. 46 at 2]. Plaintiff also requested that the Court amend its March 15, 2019 Order to dismiss the Chapter 93A claim without prejudice, in order to permit him to serve Fannie Mae with a demand letter and later seek leave to amend the operative complaint once again. [Id.]. Fannie Mae filed an opposition to the Motion for Reconsideration on April 10, 2019, [ECF No. 47], to which Plaintiff replied on April 15, 2019, [ECF No. 50].

## II. DISCUSSION

### A. Legal Standard

Although Plaintiff does not clearly identify the basis for his Motion for Reconsideration and "[t]he Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration," such motions are usually decided pursuant to either Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). See Cent. Produce El Jibarito v. Luna Commercial Corp., 880 F. Supp. 2d 282, 284 (D.P.R. 2012) (citation omitted). Both Rules 59(e) and 60(b) are inapplicable here, however, because they apply only to final judgments. See Barrows v. Resolution Trust Corp., 39 F.3d 1166, at *3 (1st Cir. 1994) (table) (noting that Rule 59(e) "applies only to final judgments"); Farr Man & Co. v. M/V Rozita, 903 F.2d 871, 874 (1st Cir. 1990) ("It is, by this time, well settled that Rule 60 applies only to final judgments."). A grant of a partial motion to dismiss is not a final judgment. Accordingly, the Court considers

4

Plaintiff's request under the standard for the reconsideration of interlocutory orders.

"A federal district court has the discretion to reconsider interlocutory orders and revise or amend them at any time prior to final judgment." Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000); see Fed. R. Civ. P. 54(b); see also Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994) ("Interlocutory orders . . . remain open to trial court reconsideration, and do not constitute the law of the case."). The Supreme Court, however, has cautioned that "courts should be loathe to [reconsider orders] in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)). "[A] court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." Davis, 89 F. Supp. 2d at 147; see Tomon v. Entergy Nuclear Operations, Inc., No. 05-cv-12539-MLW, 2011 WL 3812708, at *1 (D. Mass. Aug. 25, 2011) ("[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.") (citing United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)).

A disagreement with the Court's decision is not a basis for reconsideration. Ofori v. Ruby Tuesday, Inc., 205 F. App'x. 851, 852–53 (1st Cir. 2006); see also De Giovanni v. Jani-King Int'l, Inc., 968 F. Supp. 2d 447, 450 (D. Mass. 2013) ("Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented . . . prior to judgment.'" (quoting

5

Allen, 573 F.3d at 53)). Ultimately, the situations in which courts allow reconsideration are "narrowly configured and seldom invoked," United States v. Connell, 6 F.3d 27, 31 (1st Cir. 1993), because reconsideration is "an extraordinary remedy which should be used sparingly," Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

B. Analysis

Plaintiff seeks reconsideration of the Court's March 15, 2019 Order granting Fannie Mae's motion to dismiss claims under Chapter 93A and RESPA and makes two claims of error. [ECF No. 41]. First, with respect to the Chapter 93A claim, Plaintiff argues that the Court "erred in suggesting that Plaintiff did not comply with the demand notice requirement for Chapter 93A." [Id. at 1–2]. Plaintiff separately asks the Court to amend its dismissal of the Chapter 93A claim to be without prejudice to allow him to serve Fannie Mae with a demand letter. [ECF No. 46 at 2]. Second, Plaintiff contends that the Court erred in holding that the Amended Complaint failed to state a claim against Fannie Mae under Chapter 93A or RESPA based on the failure to allege facts sufficient to demonstrate a principal-agent relationship between Fannie Mae and Ditech. [ECF No. 41 at 2–4]. Fannie Mae responds that reconsideration is not appropriate because Plaintiff "has not identified any manifest error of law or newly discovered evidence to justify reconsideration." [ECF No. 47 at 2]. The Court agrees that Plaintiff has not made the requisite showing to warrant reconsideration of the Court's March 15, 2019 Order.

Plaintiff's first claim of error concerns whether Fannie Mae was subject to the demand requirement. [ECF No. 41 at 1–2]. The Court's March 15, 2019 Order, relying on caselaw from this District and from the First Circuit, reasoned as follows:

> Plaintiff may be exempt from the demand letter requirement, however, if the defendant "does not maintain a place of business or does not keep assets" within Massachusetts." Mass. Gen. Laws ch. 93A, § 9(3). An entity that does not have a place of business in Massachusetts, but nevertheless owns a mortgage on a

6

> Massachusetts property is considered to "keep assets" within Massachusetts for purposes of Chapter 93A. See Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 359 (1st Cir. 2013).
>
> As a preliminary matter, it is unclear whether Plaintiff has met the demand requirement concerning his Chapter 93A claim against Fannie Mae. Plaintiff alleges that Fannie Mae is exempt from the demand requirement because it does not have a place of business in Massachusetts. [Am. Compl. ¶ 27]. However, if Fannie Mae is the "holder" of "Plaintiff's mortgage loan" (which this Court interprets to be both the mortgage and the associated note) as alleged in the Amended Complaint, then Fannie Mae holds assets in Massachusetts and is subject to the demand requirement. See Woods, 733 F.3d at 359; see also Arazi v. Saxon Mortg. Servs., Inc., No. 11-cv-11356-RGS, 2011 WL 5519914, at *3 (D. Mass. Nov. 14, 2011) (finding mortgagee not exempt from demand requirement because "[a] recorded mortgage secured by real property located in the Commonwealth is an 'asset[] within the commonwealth' for purposes of Chapter 93A" (quoting Okoye, 2011 WL 3269686, at *4)).

[ECF No. 39 at 7]. The Court did not decide the Chapter 93A claim on this basis, however, and went on to conclude that "[e]ven if Fannie Mae is exempt from the demand requirement, the Amended Complaint does not state a Chapter 93A claim against Fannie Mae." [Id. at 8].

Plaintiff brings Moronta v. Nationstar Mortgage, LLC, 64 N.E.3d 1287 (Mass. 2016), to the Court's attention. [ECF No. 41 at 2]. In Moronta, the Massachusetts Supreme Judicial Court ("SJC") addressed the question: "if [a] defendant keeps assets in the Commonwealth, but does not maintain a place of business here, must the plaintiff serve a demand letter?" 64 N.E.3d at 1014. The SJC concluded that a demand letter would not be required and reasoned that the statute "clearly excuses the plaintiff from serving a demand letter if the prospective respondent either lacks a place of business in Massachusetts or does not keep assets in Massachusetts." Id. at 1014–15.

The SJC's interpretation of the Chapter 93A demand requirement should have controlled, see Needleman v. Bohlen, 602 F.2d 1, 3 (1st Cir. 1979) ("We, of course, are bound by the SJC's rulings on Massachusetts law."), and this Court's reliance on federal case law that was

7

effectively overruled by Moronta's holding was in error. Such error was harmless, however, and does not amount to a manifest error of law requiring reconsideration because the determination of whether Plaintiff met the demand requirement was not dispositive. See [ECF No. 39 at 8 ("Even if Fannie Mae is exempt from the demand requirement . . . .")]. Moreover, Plaintiff has since conceded that Fannie Mae does have a place of business in Massachusetts and that he was required to send Fannie Mae a demand letter, which makes the holding in Moronta inapposite. See [ECF No. 46 at 2].

With the acknowledgment that a demand letter for Fannie Mae is required, Plaintiff requests that the Court amend its dismissal of the Chapter 93A claim to be without prejudice. [ECF No. 46 at 2]. The Court also considers this request under the standard for reconsideration of interlocutory orders and finds that Plaintiff has not made the requisite showing of a manifest error or newly discovered evidence. Plaintiff seeks to use his Motion for Reconsideration to remedy his failure to send a demand letter, but the law is clear that motions for reconsideration "are not to be used as a vehicle for a party to undo its own procedural failures." De Giovanni, 968 F. Supp. 2d at 450.

Plaintiff's second claim of error relates to the Court's holding that the Amended Complaint failed to state a claim against Fannie Mae under Chapter 93A or RESPA. [ECF No. 41 at 2–4]. The Court's March 15, 2019 Order concluded that the Amended Complaint failed to state a Chapter 93A claim against Fannie Mae because there were no allegations that Fannie Mae engaged in unfair or deceptive business practices and failed to state a RESPA claim against Fannie Mae because the Amended Complaint omitted the essential allegations required for a vicarious liability claim. [ECF No. 39 at 8, 10]. Plaintiff does not identify a manifest error of law or any newly discovered evidence, but rather takes issue with the Court's reasoning and

ultimate conclusion.  See [ECF No. 41 at 2–4].  Plaintiff also furthers arguments that could have been or were raised before the motion to dismiss was decided.  See [id.].  Disagreement with the Court's decision is not a basis for reconsideration.  Ofori, 205 F. App'x. at 852–53.  Nor should litigants use motions for reconsideration "to advance arguments that could and should have been presented . . . prior to judgment."  De Giovanni, 968 F. Supp. 2d at 450.

Accordingly, because Plaintiff has failed to demonstrate a manifest error of law, to proffer newly discovered evidence, or otherwise to meet the high standard required for reconsideration, Plaintiff's Motion for Reconsideration and his supplemental request to amend the dismissal of the Chapter 93A claim are denied.  Absent reconsideration of the dismissal of Counts I and II, Plaintiff's request, in the alternative, for leave to amend the Amended Complaint must also be denied.[4]

### III. CONCLUSION

Accordingly, Plaintiff's Motion for Reconsideration [ECF No. 41] is DENIED.

**SO ORDERED.**

May 1, 2019                                            /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

[4] If the Court reached the request for leave to amend on the merits, the request would also be denied.  Any additional amendment to the Amended Complaint would most likely be futile.  See Fed. R. Civ. P. 15(a); United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)) ("Reasons for denying leave include . . . futility of amendment."); cf. Searle v. RBS Citizens, N.A., No. 17- cv-10427-ADB, 2018 WL 1188756, at *5 n.8 (D. Mass. Mar. 7, 2018) (noting that the First Circuit has not addressed the issue of vicarious liability under RESPA); Gaydos v. Bank of Am., N.A., No. 1:17-cv-10246-ADB, 2019 WL 404031, at *4 (D. Mass. Jan. 30, 2019) (dismissing RESPA claim against Bank of America, N.A. where complaint alleged that servicer was bank's agent because the complaint "does not allege that [Bank of America] ever serviced his mortgage or received a QWR").  But see Bowen v. Ditech Fin. LLC, No. 2:16-cv-00195-JAW, 2017 WL 4158601, at *15 (D. Me. Sept. 19, 2017) (denying motion to dismiss RESPA claim against Fannie Mae where complaint alleged a principal-agent relationship between Fannie Mae and Ditech because of "the uncertainty of the law" on the issue of vicarious liability).

9